IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK S. LEMESANY, as Personal Representative
of the Estate of MARK SHANNON LEMESANY,
II, Deceased,

        Plaintiff,

vs.                                  Civ. No. 19-658 KG/SCY

GENERAL MOTORS LLC and ISABELLA
PAIGE YENGST,

        Defendant.

## MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon "General Motors LLC's Motion for Hearing

Regarding Plaintiff's Motion to Remand or, in the Alternative, Leave to File Surreply" (Motion),

filed September 26, 2019.  (Doc. 23).  Plaintiff responded on October 10, 2019.  (Doc. 26).

Having reviewed the Motion and response, the Court denies the Motion.

        Defendant General Motors LLC (GM) requests a hearing on Plaintiff's Motion to

Remand (Doc. 10), which challenges GM's assertion that Plaintiff fraudulently joined Defendant

Isabella Paige Yengst.  In the alternative to a hearing, GM seeks leave to file a surreply to

Plaintiff's Motion to Remand.  Should the Court deny GM's requests for a hearing and for leave

to file a surreply, GM

> requests that the Court postpone its ruling on Plaintiff's Motion to Remand until Plaintiff
> has served [Defendant Isabella Paige] Yengst with the Complaint, and GM LLC has had
> an opportunity to take her deposition and present additional evidence to the Court
> relevant to the Court's determination of the Motion to Remand.

(Doc. 23) at 8.

*A. Request for Hearing on Plaintiff's Motion to Remand*

Plaintiff does not oppose GM's request for a hearing on Plaintiff's Motion to Remand. The Court, however, finds that a hearing will not be helpful or necessary to the Court in resolving Plaintiff's Motion to Remand. The Court, therefore, denies GM's request for a hearing on Plaintiff's Motion to Remand.

*B. Alternative Request for Leave to File a Surreply to Plaintiff's Motion to Remand*

GM contends that the Court should grant it leave to file a surreply to Plaintiff's Motion to Remand so it can respond to two cases Plaintiff cites for the first time in his reply: *Salinas v. Goodyear Tire & Rubber Company*, 2017 WL 3605392 (D.N.M. 2017) and *Fernandez v. Ford Motor Co.*, 1994-NMCA-063, 118 N.M. 100. Plaintiff cites these cases regarding the issue of whether Yengst is a gratuitous bailor and "supplier of a product" subject to liability, and, thus, a properly joined Defendant, an issue raised in Plaintiff's Motion to Remand, (Doc. 10) at 3-5, and addressed in GM's response to Plaintiff's Motion to Remand, (Doc. 13) at 6-12.

"Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). "'Material,' for purposes of this framework, includes both new evidence and new legal arguments." *Id.* (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003)). GM does not request leave to file a surreply to respond to new evidence in Plaintiff's reply. Additionally, the two new cases Plaintiff cites in his reply do not constitute new legal argument because they pertain to a legal issue Plaintiff already raised in Plaintiff's Motion to Remand. *See, e.g., In re Motor Fuel Temperature Sales Practices Litig.*, 2011 WL 5506259, at *2 (D. Kan.) (holding that "two cases first cited in defendants' reply do not constitute new legal argument" because "[t]hey stand for the very same proposition as the cases

cited in defendants' original motion").  Because Plaintiff does not raise new material for the first time in his reply to Plaintiff's Motion to Remand, the Court denies GM's alternative request for leave to file a surreply.

*C.  Alternative Request to Stay Ruling on Plaintiff's Motion to Remand Until Plaintiff has Served the Complaint on Yengst and GM has had an Opportunity to Depose Yengst*

The Court notes that Plaintiff has now served the complaint on Yengst.  *See* (Doc. 27). The Court further notes that GM also asked in its response to Plaintiff's Motion to Remand that the Court stay ruling on Plaintiff's Motion to Remand so it can depose Yengst.  The Court will address that request when it decides Plaintiff's Motion to Remand.   Consequently, the Court denies this alternative request to stay ruling on Plaintiff's Motion to Remand to allow GM to depose Yengst.

IT IS ORDERED that General Motors LLC's Motion for Hearing Regarding Plaintiff's Motion to Remand or, in the Alternative, Leave to File Surreply (Doc. 23) is denied.

_____
UNITED STATES DISTRICT JUDGE